# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-3219
_____

Victor Gresham; Conquest Communications Group, LLC,

*Plaintiffs - Appellants*,

v.

Lori Swanson, in her official capacity as Attorney General of the State of Minnesota,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 9, 2017
Filed: August 2, 2017

_____

Before SMITH, Chief Judge, COLLOTON and KELLY, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Victor Gresham is a political consultant and a managing member of a company called Conquest Communications Group, LLC. Gresham and his company use automated telephonic communications, known as "robocalls," to engage in political speech on behalf of clients. He believes that Minn. Stat. § 325E.27 unconstitutionally restricts him from conducting these calls in Minnesota. In Gresham's view, the statute violates the First Amendment by favoring robocalls from certain callers based on the

content of their speech. He sought a preliminarily injunction against enforcement of the statute, and the district court[1] denied his motion. Gresham and the company appeal; we will refer to them together as "Gresham." Because Gresham is unlikely to succeed on his First Amendment claim, we affirm.

Minn. Stat. § 325E.27(a) provides that a caller may not make a robocall unless "(1) the subscriber has knowingly or voluntarily requested, consented to, permitted, or authorized receipt of the message; or (2) the message is immediately preceded by a live operator who obtains the subscriber's consent before the message is delivered." Subsection (b) then provides that subsection (a) does not apply to: "(1) messages from school districts to students, parents, or employees, (2) messages to subscribers with whom the caller has a current business or personal relationship, or (3) messages advising employees of work schedules." § 325E.27(b). Subsection (b) also exempts from the requirements of subsection (a) "messages from a nonprofit tax-exempt charitable organization sent solely for the purpose of soliciting voluntary donations of clothing to benefit disabled United States military veterans and containing no request for monetary donations or other solicitations of any kind." *Id.* Gresham complains that subsection (b) favors the speech specified therein over his speech based on its content and his identity.

The district court, relying on this court's decision in *Van Bergen v. Minnesota*, 59 F.3d 1541 (8th Cir. 1995), concluded that the first three exceptions in subsection (b) are not content-based restrictions, but are valid time, place, and manner restrictions. The court rejected Gresham's argument that *Van Bergen* had been abrogated by subsequent Supreme Court decisions. The court also determined that the content-based exception for tax-exempt charitable organizations, which was added to the statute in 2009, was severable from the rest of the statute. *See* Minn. Stat. §

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

645.20.  The court therefore concluded that Gresham was unlikely to succeed on his claim and denied his motion for a preliminary injunction.

A district court considering injunctive relief evaluates the movant's likelihood of success on the merits, the threat of irreparable harm to the movant, the balance of the equities between the parties, and whether an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc). We review the denial of a preliminary injunction for abuse of discretion.  *Powell v. Noble*, 798 F.3d 690, 697 (8th Cir. 2015).

To justify an injunction, Gresham must establish that he is likely to succeed on his claim.  On appeal, Gresham renews his contention that § 325E.27 restricts speech based upon the identity of the speaker and the content of the speaker's speech.  In *Van Bergen*, this court held that the exceptions in subsection (b)(1) through (3) were valid time, place, and manner restrictions, and that the statute did not violate the First Amendment.  59 F.3d at 1556.  The legislature later added a content-based exception for messages from charitable organizations soliciting donations of clothing for disabled veterans, but we agree with the district court that this new exception is severable from the rest of § 325E.27 under the severability analysis dictated by Minn. Stat. § 645.20.  The balance of the statute pre-existed the amendment, and we presume that the Minnesota legislature would have retained the pre-existing statute without the later provision.  The statute remains complete and capable of execution without the disabled-veterans exception.  Therefore, the new exception's constitutionality does not affect whether Gresham is entitled to an injunction.

With the amendment severed, we are left with the same statute that this court considered in *Van Bergen*.  That decision controls this panel unless an intervening Supreme Court decision has superseded it.  *See United States v. Anderson*, 771 F.3d 1064, 1066-67 (8th Cir. 2014).  Gresham argues that *Citizens United v. FEC*, 558 U.S. 310 (2010), and *Reed v. Town of Gilbert*, 135 S. Ct. 2218 (2015), abrogate *Van*

*Bergen*. In a submission pursuant to Rule 28(j), Gresham suggests that *Matal v. Tam*, 137 S. Ct. 1744 (2017), where the Court held invalid the disparagement clause of the Lanham Act, also helps to illustrate why *Van Bergen* is no longer good law.

*Van Bergen* reasoned that the enumerated exceptions in subdivision (b) exempt certain groups based on their relationship with the caller and not based on the content of their speech. 59 F.3d at 1550. The exceptions, reasoned the court, "all rest on a single premise: that the caller has a relationship with the subscriber implying the subscriber's consent to receive the caller's communications." *Id.* Although the third exception, which exempts calls from employers advising employees of their work schedules, is content based on its face, *Van Bergen* concluded that it does not actually limit the content of employers' messages to employees: the second exception already establishes a "broad exception for subscribers with whom the caller had a current business relationship," so employers may contact employees about matters other than scheduling. *Id.* at 1550 n.5. Because the exceptions merely identify groups of subscribers who already have consented to communications from the caller, the court concluded that § 325E.27 was a valid, content-neutral time, place, and manner restriction on speech. *Id.* at 1551, 1556.

Gresham argues that *Citizens United* and *Reed* undermine *Van Bergen* by making clear that the government cannot regulate speech based on the identity of the speaker. In *Citizens United*, the Supreme Court reiterated the well-established principles that "the First Amendment stands against attempts to disfavor certain subjects or viewpoints" and that "restrictions distinguishing among different speakers, allowing speech by some but not others" are prohibited. 558 U.S. at 340. In *Reed*, the Court explained that speaker-based distinctions are not automatically content neutral, because "laws favoring some speakers over others demand strict scrutiny when the legislature's speaker preference reflects a content preference." 135 S. Ct. at 2230 (quoting *Turner Broad. Sys., Inc. v. FCC*, 512 U.S. 622, 658 (1994)).

Gresham complains that § 325E.27 impermissibly regulates speech based on content by allowing only certain callers to make robocalls without first using a live operator to obtain the subscriber's consent. He contends that the relationship-based rationale relied on in *Van Bergen* does not survive *Reed*'s instruction that statutes drawing speaker-based distinctions are not automatically content neutral. He adds that Justice Kennedy's concurrence in *Tam* highlighted the dangers of viewpoint discrimination where legislation disfavors certain speech because of "the government's disapproval of the speaker's choice of message." 137 S. Ct. at 1767 (Kennedy, J., concurring). Gresham argues that Minnesota impermissibly disfavors his robocalls because they are perceived as annoying.

We do not believe that *Citizens United*, *Reed*, and *Tam* supersede *Van Bergen*. *Van Bergen* upheld § 325E.27 because the statute does not prefer certain speech based on content, and does not disfavor certain ideas over others. The statute as a whole disfavors robocalls to strangers, but it allows them with consent. If a subscriber authorizes the automated calls, either expressly or impliedly, then the content of the message is irrelevant. The exceptions depend on the relationship between the caller and the subscriber, not on what the caller proposes to say. *Accord Patriotic Veterans, Inc. v. Zoeller*, 845 F.3d 303, 305 (7th Cir. 2017) (analyzing a materially similar Indiana law).

Unlike the content-based restrictions in *Reed*, the permissions granted in the Minnesota statute do not reflect a content preference; they are based on an assumption of implied consent. The State does justify the statute in part based on an interest in protecting residential privacy against disruptive calls, *Van Bergen*, 59 F.3d at 1554, but this interest is not grounded in a preference for certain content. Where a subscriber has impliedly consented to receipt of pre-recorded messages, the caller may place a robocall about political campaigns, work schedules, or any other topic. Where there is no such implied consent, automated calls are banned entirely, regardless of

-5-

their content.  Gresham does not contend that the statute forbids him to communicate with any subscriber who has impliedly consented to receipt of his robocalls.

The district court correctly concluded that *Van Bergen* is dispositive.  The judgment of the district court is affirmed.

_____