NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR GRESHAM and CONQUEST COMMUNICATIONS GROUP, LLC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> MICHAEL PICKER; et al., <br><br> Defendants-Appellees. | No. 16-16829 <br><br> D.C. No. 2:16-cv-01848-JAM-CKD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted July 12, 2017
San Francisco, California

Before: GRABER and FRIEDLAND, Circuit Judges, and MARSHALL,[**] District Judge.

Plaintiffs Victor Gresham and Conquest Communications Group, LLC,

appeal the denial of their motion for preliminary injunction, which sought to enjoin

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Consuelo B. Marshall, Senior United States District Judge for the Central District of California, sitting by designation.

Defendants from enforcing California Public Utilities Code § 2872 against them. We affirm.[1]

Plaintiffs argue California's Automated Call Ban, Cal. Pub. Util. Code § 2872, is facially content-based and, therefore, subject to strict scrutiny. Section 2872 provides:

> (a) The connection of automatic dialing-announcing devices to a telephone line is subject to this article and to the jurisdiction, control, and regulation of the commission.
>
> (b) No person shall operate an automatic dialing-announcing device except in accordance with this article. The use of such a device by any person, either individually or acting as an officer, agent, or employee of a person or corporation operating automatic dialing-announcing devices, is subject to this article.
>
> (c) No person shall operate an automatic dialing-announcing device in this state to place a call that is received by a telephone in this state during the hours between 9 p.m. and 9 a.m. California time.
>
> (d) This article does not prohibit the use of an automatic dialing-announcing device by any person exclusively on behalf of any of the following:
>
>> (1) A school for purposes of contacting parents or guardians of pupils regarding attendance.
>>
>> (2) An exempt organization under the Bank and Corporation Tax Law (Part 11 (commencing with Section 23001) of Division 2 of the Revenue and Taxation Code) for purposes of contacting its members.

---

[1] We have reviewed the Eighth Circuit's recent decision in Gresham v. Swanson, No. 16-3219, 2017 WL 3270832 (8th Cir. Aug. 2, 2017).

(3) A privately owned or publicly owned cable television system for purposes of contacting customers or subscribers regarding the previously arranged installation of facilities on the premises of the customer or subscriber.

(4) A privately owned or publicly owned public utility for purposes of contacting customers or subscribers regarding the previously arranged installation of facilities on the premises of the customer or subscriber or for purposes of contacting employees for emergency actions or repairs required for public safety or to restore services.

(5) A petroleum refinery, chemical processing plant, or nuclear powerplant for purposes of advising residents, public service agencies, and the news media in its vicinity of an actual or potential life-threatening emergency.

(e) This article does not prohibit law enforcement agencies, fire protection agencies, public health agencies, public environmental health agencies, city or county emergency services planning agencies, or any private for-profit agency operating under contract with, and at the direction of, one or more of these agencies, from placing calls through automatic dialing-announcing devices, if those devices are used for any of the following purposes:

(1) Providing public service information relating to public safety.

(2) Providing information concerning police or fire emergencies.

(3) Providing warnings of impending or threatened emergencies.

These calls shall not be subject to Section 2874.

(f) This article does not apply to any automatic dialing-announcing device that is not used to randomly or sequentially dial telephone numbers but that is used solely to transmit a message to an established business associate, customer, or other person having an established relationship with the person using the automatic dialing-announcing

16-16829

device to transmit the message, or to any call generated at the request of the recipient.

(g) The commission may determine any question of fact arising under this section.

Cal. Pub. Util. Code § 2872.

In Bland v. Fessler, 88 F.3d 729 (9th Cir. 1996), this Court held Section 2872 was constitutional on its face because it was content neutral, served a significant governmental interest, was narrowly tailored to serve that interest, and left open alternative channels of communication. Plaintiffs argue that Bland is no longer good law following Reed v. Town of Gilbert, 135 S. Ct. 2218 (2015), and Citizens United v. FEC, 558 U.S. 310 (2010), and that strict scrutiny therefore applies to the Automated Call Ban because it is content- and speaker-based.[2]

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

---

[2] Plaintiffs acknowledge that they are unlikely to succeed in showing that § 2872(d)(5) or subsection (e) is unconstitutional. Subsection (d)(5) pertains to public safety and emergencies and would therefore likely be permissible even if strict scrutiny applies. Subsection (e) involves government speech and thus would not trigger strict scrutiny. Plaintiffs also acknowledge that subsection (f) is content- and speaker-neutral and would not trigger strict scrutiny. The gist of Plaintiffs' argument is that the allegedly content- and/or speaker-based exceptions of subsections (d)(1)–(4) render the Automated Call Ban unconstitutional under strict scrutiny.

4                                                                    16-16829

injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008).

Whether or not Bland remains good law, Plaintiffs fail to establish that they are likely to succeed on the merits.

If Bland remains good law, Section 2872 is constitutional on its face.

On the other hand, if Bland was overruled by Reed and/or Citizens United, and Reed requires strict scrutiny, Plaintiffs would still fail to obtain any practical relief because, as Plaintiffs themselves acknowledge, *see supra* note 2, they would still be required to satisfy subsection (f) in order to escape the statute's restrictions. Under a statutory construction analysis, subsections (d)(1)–(4) have no independent force because they are simply examples of "an established relationship" set forth in subsection (f). As a matter of constitutional interpretation, although Defendants do not argue that the statute could survive strict scrutiny, subsections (d)(1)–(4), are severable from the statute. See Vivid Entm't, LLC v. Fielding, 774 F.3d 566, 576 (9th Cir. 2014).[3] Under either the statutory construction analysis or the constitutional interpretation approach, subsections (d)(1)–(4) would no longer be operative, but the rest of the statute

---

[3] Enjoining the entire statute rather than severing these exceptions would result in "nullify[ing] more of a legislature's work than is necessary." Ayotte v. Planned Parenthood of N. New England, 546 U.S. 320, 329 (2006).

would remain. Thus the only way Plaintiffs could escape the statute's restrictions would be to demonstrate that their calls were exempt under subsection (f). But subsection (f) is, as Plaintiffs acknowledge, content- and speaker-neutral and would not trigger strict scrutiny.[4] Accordingly, even if Bland has been overruled, Plaintiffs fail to demonstrate that they are likely to succeed on the merits in lifting any relevant limits on their speech.

Plaintiffs also fail to demonstrate that the balance of equities tips weighs in their favor, and that an injunction is in the public interest. Winter, 555 U.S. at 20. Plaintiffs argue that the public has an interest in the preservation of the right to free speech guaranteed by the First Amendment, and that there is no public interest in enforcing an unconstitutional law. Even if Plaintiffs could demonstrate a likelihood of success on the merits—which they cannot—proving a likelihood of success on their First Amendment claim, alone, does not satisfy the balance of hardships and public interest requirements for an injunction under Winter. Vivid Entm't, 774 F.3d at 577; Doe v. Harris, 772 F.3d 563, 582–83 (9th Cir. 2014)

---

[4] Plaintiffs have never contended that their use of automatic dialing-announcing devices fall into the exceptions described in subsections (d)(1)–(4). Thus Plaintiffs' only way to avoid the statute's prohibition has been, and would continue to be, through subsection (f). Although the parties disagree as to whether Plaintiffs fall within subsection (f)'s exception for messages made to a person or entity having "an established relationship," Plaintiffs do not challenge the constitutionality of subsection (f) here.

("We do not simply assume that these elements collapse into the merits of the First Amendment claim." (internal quotation marks omitted)).

**AFFIRMED.**