# United States Court of Appeals
### For the Eighth Circuit

_____

No. 15-3193

_____

United States of America

*Plaintiff - Appellee*

v.

John Oliver Hill, also known as John Benson

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: March 18, 2016
Filed: April 29, 2016

_____

Before WOLLMAN, ARNOLD, and SHEPHERD, Circuit Judges.

_____

ARNOLD, Circuit Judge.

After John Hill was indicted for failing to register as a sex offender, *see* 18 U.S.C. § 2250, he moved to dismiss the indictment because the statute under which he was indicted was unconstitutional and because he was not a "sex offender" within

its meaning. When the district court[1] denied the motion, Hill pleaded guilty, reserving his right to appeal the denial, and this appeal ensued.

Hill moved from South Carolina to Arkansas after he pleaded guilty in a South Carolina state court to a charge of "wilfully, maliciously, and indecently expos[ing] his person in a public place, on property of others, or to the view of any person on a street or highway." *See* S.C. Code Ann. § 16–15–130(A)(1). The state court ordered Hill to register in both sex-offender and child-abuse registries, which he did. Some years thereafter, Congress enact ed the Sex Offender Registration and Notification Act (SORNA) "to protect the public from sex offenders and offenders against children," 42 U.S.C. § 16901, and to make more uniform and effective the patchwork of sex-offender registries throughout the United States. *Reynolds v. United States*, 132 S. Ct. 975, 978 (2012). Congress gave SORNA teeth by criminalizing a sex offender's knowing failure to register or update certain information. *See* 18 U.S.C. § 2250(a). As relevant here, SORNA requires sex offenders to register in jurisdictions where they reside and to update their information within three business days after changing residence. 42 U.S.C. § 16913(a), (c). Hill did not update his information for several months after moving to Arkansas, prompting the government's indictment.

Hill maintains, first, that the district court should have dismissed the indictment because SORNA violates the non-delegation doctrine and exceeds Congress's power under the Commerce Clause. As Hill concedes, however, circuit precedent forecloses these arguments. *See United States v. Manning*, 786 F.3d 684, 685–86 (8th Cir. 2015).

Hill's more serious contention is that the district court should have dismissed the indictment because his conviction for indecent exposure did not trigger SORNA's

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

registration requirements since he is not demonstrably a "sex offender." SORNA defines a "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). In turn, as relevant, a "sex offense" includes "a criminal offense that is a specified offense against a minor." 42 U.S.C. § 16911(5)(A)(ii). A "specified offense against a minor" includes "conduct that by its nature is a sex offense against a minor." 42 U.S.C. § 16911(7)(I).

The question in this case boils down to whether Hill's prior offense involved "conduct that by its nature is a sex offense against a minor." Hill argues that courts should look simply at the statute underlying his conviction to determine whether its elements show categorically that it is a sex offense against a minor. He insists that we could not look at the facts underlying his conviction but only at the crime's statutory definition. *See Ortiz v. Lynch*, 796 F.3d 932, 935 (8th Cir. 2015). That would require us to presume that Hill's conviction rested upon nothing more than the least of the acts criminalized as "indecent exposure," *see id.*, which the government presumably concedes would not be a "sex offense."

The government contends, however, that we should apply a circumstance-specific approach in determining whether Hill's conviction was for a "sex offense." *See Nijhawan v. Holder*, 557 U.S. 29, 36 (2009). When doing that, we would examine the "particular circumstances in which an offender committed the crime on a particular occasion." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1691 (2013). The government further maintains that we would not be limited to reviewing certain documents like indictments, plea agreements, transcripts of plea colloquies, jury instructions, and findings of fact and conclusions of law from a bench trial, *see Shepard v. United States*, 544 U.S. 13, 20 (2005), to determine the facts underlying a prior conviction. *See Nijhawan*, 557 U.S. at 41. Instead, we could consider any reliable evidence. *See United States v. Price*, 777 F.3d 700, 705 (4th Cir. 2015).

The government has the better argument. Three other circuits have considered how courts should determine if a prior offense constitutes "conduct that by its nature is a sex offense against a minor" under SORNA, and all three have reached the same conclusion: Courts should employ a circumstance-specific approach. *See id.* at 708; *United States v. Dodge*, 597 F.3d 1347, 1356 (11th Cir. 2010) (en banc); *United States v. Mi Kyung Byun*, 539 F.3d 982, 991–92 (9th Cir. 2008). We agree because we think that the text and purposes of SORNA compel that conclusion.

Hill's argument simply founders on the plain words of the statute. As we noted, § 16911(7)(I) explains that a "specified offense against a minor" includes "conduct that by its nature is a sex offense against a minor," which manifestly invites an examination of the specific conduct in which the defendant engaged. SORNA's announced purposes, moreover, buttress our conclusion. Congress enacted the statute to protect children from sex offenders, and it purposely defined its terms broadly to "cast a wide net to ensnare as many offenses against children as possible." *Dodge*, 597 F.3d at 1355. Various subsection headings in SORNA illustrate its intended breadth. For example, the title of the subsection defining "sex offense," which carries the name of a specific child victim, states that it is an "expansion of [the] sex offense definition." 42 U.S.C. § 16911(5). In addition, the title of the subsection defining the phrase "specified offense against a minor" is "Expansion of definition of 'specified offense against a minor' to include all offenses by child predators." 42 U.S.C. § 16911(7). These provisions only confirm what the text evidently commands: a circumstance-specific approach.

In determining that we may examine the circumstances that underlie Hill's conviction for indecent exposure, we reject Hill's contention that we should accord deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) to the Attorney General's "SMART Guidelines" interpreting § 16911(7)(I), which apparently recommends a categorical approach. *See* Office of the Attorney General; National Guidelines for Sex Offender Registration and

Notification, 73 Fed. Reg. 38,030, 38,052 (July 2, 2008). We agree with the Fourth Circuit that *Chevron* deference is inappropriate in these circumstances because the statutory provisions at issue are unambiguous regarding the proper method of analysis. *See Price*, 777 F.3d at 709 n.9.

Turning now to a consideration of Hill's offense conduct, it is evident that he committed a "sex offense" within the meaning of SORNA. According to the relevant arrest affidavit, Hill masturbated in front of an eleven-year-old child. While we might ordinarily hesitate to give much weight to facts contained in an arrest affidavit, other, more reliable information concludes the matter against Hill. For example, as we have already said, Hill's record of conviction for indecent exposure notes that he was ordered to register in the child-abuse registry. South Carolina law requires those who are convicted of indecent exposure to register with the state's child-abuse registry only when the act on which the conviction "is based involved sexual or physical abuse of a child." S.C. Code Ann. § 17–25–135(A). In addition, Hill's sex-offender registration notes that the victim of his offense was an eleven-year-old girl. Because Hill's conviction for indecent exposure therefore evidently involved an eleven-year-old victim, he committed a "sex offense" that was a "specified offense against a minor" because it was "conduct that by its nature is a sex offense against a minor." He was thus obligated to register and update his information under SORNA, and so the district court correctly rejected his motion to dismiss the indictment.

Affirmed.

_____