# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-3034
_____

United States of America

*Plaintiff - Appellee*

v.

KT Burgee, also known as Kape Teal Burgee

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Pierre
_____

Submitted: October 20, 2020
Filed: February 24, 2021
_____

Before SMITH, Chief Judge, LOKEN and GRUENDER, Circuit Judges.
_____

SMITH, Chief Judge.

KT Burgee pleaded guilty to sexual exploitation of a minor under South Dakota law. For two years, he regularly registered as a sex offender as required by the federal Sex Offender Registration and Notification Act (SORNA). Then, he stopped. Burgee was charged and found guilty of failing to register under SORNA in federal district

court.[1] Burgee's SORNA obligation arose because he had been convicted of an offense that involved "conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I). On appeal, he urges us to overrule our decision in *United States v. Hill*, 820 F.3d 1003 (8th Cir. 2016); reverse the district court for relying on unreliable evidence; and hold § 20911(7)(I) void for vagueness. We deny each of these claims for relief and affirm the district court.

## I. *Background*

In June 2014, Burgee pleaded guilty to violating a South Dakota statute titled "Sexual exploitation of a minor."[2] The factual basis for the plea was this: He "had contact with a minor," and "his DNA was found on her neck and . . . in her underwear." Mem. in Supp. of Def.'s Mot. to Dismiss Indictment, Ex. C, at 7:5–8, *United States v. Burgee*, No. 3:18-cr-30164-RAL-1 (D.S.D. 2019), ECF No. 27-3. At the plea hearing, Burgee acknowledged that his plea would require him to register as a sex offender and undergo a psychosexual evaluation.

As required, Burgee registered as a sex offender pursuant to both SORNA and South Dakota law. But in September 2016, he stopped registering. Two years later, Burgee was arrested and indicted by a federal grand jury for failing to register under SORNA, in violation of 18 U.S.C. § 2250(a).

During the federal proceedings, Burgee filed a motion to dismiss the indictment, arguing three grounds for relief. First, he contended that the district court

---

[1]The Honorable Roberto A. Lange, Chief Judge, United States District Court for the District of South Dakota.

[2]In relevant part, the statute provides, "A person is guilty of sexual exploitation of a minor if the person causes or knowingly permits a minor to engage in an activity or the simulation of an activity that: (1) Is harmful to minors . . . ." S.D. Codified Laws § 22-22-24.3.

should apply the categorical approach to determine whether his state-law conviction qualified as a sex offense under § 20911(7)(I). Second, he averred that even if the district court could properly apply the alternative circumstance-specific approach, it should look only to evidence used for the plea hearing. Lastly, he argued § 20911(7)(I) should be declared void for vagueness. The district court denied his motion as to each of these grounds. The case proceeded to a bench trial where Burgee renewed his motion to dismiss. It was again denied.

During the trial, the district court heard evidence additional to that relied on by the state court in Burgee's plea hearing. Specifically, the government submitted video of the minor victim's forensic interview, which was recorded three days after Burgee committed the offending acts.[3] In her interview, the 14-year-old girl recounted how Burgee attended her mother's party. During the party, she was sleeping in bed with her little sister. She awakened with Burgee beside her and kissing her face. Burgee took off her clothes and raped her. She recalled feeling fluid coming out of her vagina afterwards. The district court also heard evidence from a nurse practitioner who evaluated the 14-year-old girl twice within two and a half weeks of the underlying conduct. The nurse practitioner found that the girl's injuries were consistent with rape and took swabs to collect DNA foreign to the girl. And the government presented a forensic scientist who analyzed semen found on the girl's underwear. It matched Burgee's DNA. The district court also admitted Burgee's state sex-offender registration materials in which Burgee acknowledged his duty to register under South Dakota law.

The district court found that Burgee had been convicted of a qualifying SORNA sex offense—i.e., "an offense against a minor that involves . . . [a]ny conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I). Because

---

[3]Burgee waived hearsay and foundation objections to the video interview.

the qualifying-offense element was the only element of his conviction that Burgee challenged, the district court found him guilty of failing to register as a sex offender.

## II. *Discussion*

Burgee argues that the district court should be reversed for three reasons. First, he argues that the district court should have employed the categorical approach, not the circumstance-specific approach, to determine whether his conviction qualified as a sex offense under § 20911(7)(I). Next, he contends that, even under the circumstance-specific approach, the district court should have limited its review to evidence used at his plea hearing because it was the only reliable evidence. Finally, Burgee urges us to find § 20911(7)(I) void for vagueness.

SORNA obligates those identified as sex offenders to register and maintain current information with the appropriate authorities. As relevant here, it defines a *sex offender* as a person "convicted of" "a criminal offense that is a specified offense against a minor." 34 U.S.C. § 20911(1) & (5)(A)(ii). And a "specified offense against a minor" includes "an offense against a minor that involves . . . [a]ny conduct that by its nature is a sex offense against a minor." *Id.* § 20911(7)(I). Put simply, a sex offender under § 20911(7)(I) is a person who was convicted of an offense against a minor that involved conduct that by its nature is a sex offense against a minor.

## A. *Circumstance-Specific Approach*

When determining whether a defendant's prior conviction falls within the ambit of a federal statute, courts apply different approaches depending on the statutory language.[4] This court employs the circumstance-specific approach under

---

[4]For example, in *Nijhawan v. Holder*, the Supreme Court held that a statutory provision, which read "an offense that . . . involves fraud or deceit *in which the loss to the victim or victims exceeds $10,000*," required the circumstance-specific approach because "the italicized language" "refers to the particular circumstances in which an offender committed a (more broadly defined) fraud or deceit crime on a

§ 20911(7)(I). Under this approach, we examine the specific conduct the defendant engaged in while committing the underlying crime. *Hill*, 820 F.3d at 1005. Burgee urges us to use the categorical approach. Under that approach, courts must determine if the ordinary case, or generic commission, of the underlying crime falls within the statute. *See Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018).

In *Hill*, we held that § 20911(7)(I) "manifestly invites" application of the circumstance-specific approach. 820 F.3d at 1005. Here, the district court followed the circumstance-specific approach to determine that Burgee's underlying conduct was "conduct that by its nature is a sex offense against a minor." 34 U.S.C. § 20911(7)(I). But Burgee asks us to overrule *Hill* and instead apply the categorical approach. According to Burgee, *Hill*'s holding is suspect because of the subsequent Supreme Court decisions in *Dimaya* and *Davis*. *See Gresham v. Swanson*, 866 F.3d 853, 855 (8th Cir. 2017) (explaining that a prior panel decision controls "unless an intervening Supreme Court decision has superseded it").

*Dimaya* and *Davis*, however, are distinguishable. In *Dimaya* and *Davis*, the Supreme Court interpreted 18 U.S.C. §§ 16(b) and 924(c)(3)(B), respectively. Both statutes define, in relevant part, "crime of violence" as an "offense that . . . by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. §§ 16(b) & 924(c)(3)(B). In both cases, the Court applied the categorical approach, relying heavily on the term *offense*, which meant "a generic crime," not "the specific acts in

---

particular occasion." 557 U.S. 29, 32 (2009) (alteration in original) (quoting 8 U.S.C. § 1101(a)(43)(M)(i)). And, as discussed below, the Supreme Court in *United States v. Davis* addressed a statutory provision defining a qualifying offense as one "that is a felony" and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" and stated that "the statutory text commands the categorical approach." 139 S. Ct. 2319, 2324, 2328 (2019) (quoting 18 U.S.C. § 924(c)(3)(B)).

which an offender engaged on a specific occasion." *Davis*, 139 S. Ct. at 2328 (quoting *Nijhawan*, 557 U.S. at 33–34); *see also Dimaya*, 138 S. Ct. at 1217 (explaining that the statutory "text creates no draw: Best read, it demands a categorical approach"). Thus, it was the statutory text in *Davis* and *Dimaya* that required the Court "to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime." *Davis*, 139 S. Ct. at 2328 (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004)); *see also Dimaya*, 138 S. Ct. at 1218 (stating that "the absence of terms alluding to a crime's circumstances, or its commission, makes a fact-based interpretation an uncomfortable fit").

*Hill* survives the decisions in *Davis* and *Dimaya*. Just as *Davis*'s and *Dimaya*'s holdings are based on statutory text, so too is *Hill*'s holding. The *Hill* court held that because § 20911(7)(I) explicitly references the offense *conduct*, the statutory "text evidently commands . . . a circumstance-specific approach." *Hill*, 820 F.3d at 1006. *Conduct*, after all, is "[t]he way a person acts." *Conduct*, *The American Heritage Dictionary of the English Language* (5th ed. 2011). Thus, *Hill* explained that arguments for a categorical approach "simply founder[] on the plain words of the statute." *Hill*, 820 F.3d at 1005. In fact, the *Hill* court found the text so clear that it declined to give deference to the Attorney General's regulation that indicated the categorical approach should apply to the statute. *Id.* at 1006. *Hill*'s precedential value has not been altered, and it forecloses Burgee's argument.

## B. *Reliable Evidence*

Burgee also challenges the district court's reliance on evidence that was not used during his plea hearing. According to Burgee, district courts employing the circumstance-specific approach should only consider the "facts the defendant admitted or was convicted of as shown by the prior judicial record." Appellant's Br. at 15–16. The relevant documents under his approach would be "the statutory subdivision of conviction, the charging instrument (insofar as it tracks the actual

-6-

conviction, as here), the judgment of conviction, and—most crucial—the plea colloquy and factual basis." Appellant's Reply Br. at 7 n.6.

Again, *Hill* resolves Burgee's issue. In *Hill* we explicitly declined to limit district courts' review under § 20911(7)(I) to specific documents, like those the Supreme Court had laid out in *Shepard v. United States*, 544 U.S. 13 (2005). 820 F.3d at 1005. In *Shepard*, the Supreme Court held that when sentencing courts apply the categorical approach, they are "generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." 544 U.S. at 16. The *Shepard* Court explained that a sentencing court could not delve beyond the facts the defendant was convicted of to "make a disputed finding of fact" because the Constitution "guarantee[s] a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence." *Id.* at 25.

In *Hill*, because we did not apply the categorical approach, our course tacked differently. Instead of limiting district courts to specific documents, we held that they may "consider any reliable evidence." 820 F.3d at 1005. This does not run afoul of *Shepard* because the constitutional evidentiary concerns that arise during factfinding at *sentencing* are not present at the guilt phase of a trial. Under *Shepard*, a sentencing court cannot engage in factfinding because there is no jury present to determine the facts. *Shepard*, 544 U.S. at 25 (stating that "the Sixth and Fourteenth Amendments . . . guarantee a jury's finding of any disputed fact essential to increase the ceiling of a potential sentence"). Under *Hill*, defendants get a trial and thus have the right to a jury. This is just what the Sixth Amendment contemplates: "[A] jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt." *Descamps v. United States*, 570 U.S. 254, 269 (2013). Burgee got just such a trial. The court conducted a trial to determine the facts of Burgee's offense conduct. The government had to prove the facts beyond a reasonable doubt, and Burgee had the option to exercise his right to a jury trial. He chose not to.

When determining whether a defendant's prior offense involves "conduct that by its nature is a sex offense against a minor," a district court may admit any reliable evidence. *Hill*, 820 F.3d at 1005. Reliable evidence is simply evidence that is trustworthy enough to be admissible under the rules of evidence. *Cf. Kuhn v. Wyeth, Inc.*, 686 F.3d 618, 625 (8th Cir. 2012) ("The Supreme Court explained that evidentiary reliability means trustworthiness."); *see also United States v. Sutton*, 916 F.3d 1134, 1140 (8th Cir. 2019) (holding that the challenged hearsay was "not reliable" because the "witnesses were at times admittedly untruthful, had accounts that were internally inconsistent and inconsistent with one another, and demonstrated motives to minimize their own involvement in the assault"). District courts regularly perform factfinding and are well equipped to assess evidence admissibility. The district court did so here. Burgee does not challenge the district court's inclusion of any specific piece of evidence, so our inquiry is at an end.

## C. *Vagueness*

Finally, Burgee challenges § 20911(7)(I) as void for vagueness. We review void-for-vagueness challenges de novo. *United States v. Buie*, 946 F.3d 443, 445 (8th Cir. 2019).

When reviewing for vagueness, we first determine if a statute is vague as applied to the defendant's conduct, and only if it is will we consider whether a statute is facially unconstitutional. *United States v. Bramer*, 832 F.3d 908, 909–10 (8th Cir. 2016). This is because "a 'plaintiff who engages in some conduct that is clearly proscribed cannot complain of the vagueness of the law as applied to the conduct of others.'" *Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 958 (8th Cir. 2019) (quoting *Holder v. Humanitarian Law Project*, 561 U.S. 1, 20 (2010)). Thus, if "the statute gave adequate warning, under [the defendant's] specific set of facts, that the defendant's behavior was a criminal offense," then the statute is not vague. *United States v. Palmer*, 917 F.3d 1035, 1038–39 (8th Cir. 2019) (quoting *United States v. Washam*, 312 F.3d 926, 931 (8th Cir. 2002)).

As we have explained, the district court's factual findings were proper. Burgee's actions with the 14-year-old victim of his offense constituted "conduct that by its nature is a sex offense against a minor" under § 20911(7)(I). Burgee failed to register as a sex offender under SORNA and South Dakota law for two years. His conduct was clearly proscribed. Section 20911(7)(I) is thus not void for vagueness as applied to Burgee.

## III. *Conclusion*

We follow the precedent established in *Hill* and employ the circumstance-specific approach to the application of § 20911(7)(I). The district court used reliable evidence in finding the requisite facts by putting the government's proof through the rigors of the admissibility standards of the rules of evidence in a contested hearing. We also conclude that § 20911(7)(I) is not void for vagueness as applied to Burgee. Accordingly, we affirm.

_____