EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Recurrido<br><br>v.<br><br>Jaime Rodríguez Orengo<br><br>Peticionario | Certiorari<br><br>2024 TSPR 38<br><br>213 DPR ___ |

Número del Caso:  CC-2022-0468

Fecha:  19 de abril de 2024

Tribunal de Apelaciones:

    Panel Especial

Abogado de la parte peticionaria:

    Lcdo. Donald R. Milán Guindín

Oficina del Procurador General:

    Hon. Fernando Figueroa Santiago
    Procurador General

    Lcdo. Omar Andino Figueroa
    Subprocurador General

    Lcda. Mabel Sotomayor Hernández
    Subprocuradora General

    Lcda. Marla Inés Canino Rolón
    Procuradora General Auxiliar

Materia:  Ley del registro de personas convictas por delitos sexuales y abuso contra menores – No procede la inscripción de una persona convicta por el delito de exposiciones obscenas en el Registro de ofensores sexuales, cuando de los hechos acontecidos no haya surgido el elemento constitutivo de acto o conducta sexual contra la persona adulta ofendida según exige la Ley.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

     Recurrido

         v.               CC-2022-0468     Certiorari

Jaime Rodríguez Orengo

     Peticionario

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

En San Juan, Puerto Rico, a 19 de abril de 2024.

Tenemos la oportunidad de evaluar si procede o no la inscripción en el Registro de ofensores sexuales de una persona convicta por el delito de exposiciones obscenas, cuando de los hechos acontecidos no haya surgido el elemento constitutivo de acto o conducta sexual contra la persona adulta ofendida según exige la *Ley del registro de personas convictas por delitos sexuales y abuso contra menores,* Ley Núm. 266, según enmendada, 4 LPRA sec. 536 *et seq.* (Ley Núm. 266).[1]

---

[1] La controversia ante nuestra consideración está limitada a la comisión del delito de exposiciones obscenas en presencia de un adulto, por lo tanto la *Opinión* no considera en su análisis el escenario de si es o no automática la inscripción en el *Registro de ofensores sexuales* de una persona convicta por el delito de exposiciones obscenas por haberlo ejecutado en presencia de un menor.

Por los fundamentos que expondremos, resolvemos que no procede la inscripción automática de una persona convicta del *delito de exposiciones obscenas* al Registro de ofensores sexuales cuando el ofendido o perjudicado es mayor de edad. Por lo tanto, para que una persona convicta por el delito de exposiciones obscenas esté obligada a la inscripción en el Registro de ofensores sexuales, se requiere que de los hechos surja que, en efecto, durante la comisión del delito en cuestión se incurrió en la conducta constitutiva de abuso sexual para los Ofensores Sexuales Tipo I según se discute en la Opinión.

I

El 5 de marzo de 2019 el Tribunal de Primera Instancia citó al Sr. Jaime Antonio Rodríguez Orengo (peticionario) para responder por cinco denuncias sobre hechos acontecidos el 7, 27 y 28 de febrero de 2019 y 3 de marzo de 2019.

En lo pertinente a la controversia que nos ocupa, el 7 de febrero de 2019 se presentaron dos denuncias: una por violación al Art. 241(b) de la Ley Núm. 146-2012, conocida como Código Penal de Puerto Rico, 33 LPRA sec. 5331 (Código Penal de 2012) por alteración a la paz y otra por infringir el Art. 136 por cometer el delito de exposiciones obscenas. Allí se alegó que el peticionario "se presentó al hogar del perjudicado, donde este tenía una expectativa razonable de intimidad y le manifestó: "[que era un cab[…], mari[…], hijo de […], me […] en tu madre, no tienes huevos, te voy a partir la cara, te voy hacer la vida imposible]". Respecto al delito de exposiciones obscenas se denunció que el peticionario

"[expuso su parte íntima del cuerpo en un lugar donde estaba presente el Sr. Carlos Rodríguez Rivera, consistente en que se sacó su miembro viril orinando la puerta de garaje del perjudicado, sintiéndose este ofendido]." [2]

Luego de varios trámites procesales que son innecesarios pormenorizar, el Tribunal de Primera Instancia declaró culpable al peticionario del delito de exposiciones obscenas y ordenó que su información se inscribiera en el Registro de ofensores sexuales (o Registro).[3]

Ante este hecho, el peticionario presentó una *Urgente moción solicitando corrección de sentencia* en la que solicitó que se ordenara la eliminación de su información del Registro. Adujo que era improcedente la inscripción porque la conducta imputada no se relacionaba con una conducta sexual contra menores o adultos.

---

[2] Véase los autos originales concernientes a las denuncias **J1CR201900078** y **J1CR201900079**. Luego del evento del 7 de febrero de 2019, el Tribunal de Primera Instancia expidió una orden de protección contra el peticionario. Sin embargo, este la violentó con los hechos acaecidos el **27, 28 de febrero y 3 de marzo de 2019** y que, por ello, se presentaron tres denuncias en su contra. Esto es, por violación al Art. 4 (b) de la Ley Núm. 286-1999, conocida como la Ley Contra Acecho de Puerto Rico, 33 LPRA sec. 4013. En esencia, el 27 de febrero de 2019 el peticionario "[entró al balcón del Sr. Rodríguez, conectó una extensión eléctrica color anaranjada y bien largo, [sic] luego se retira de la casa del Sr. Rodríguez y regresa nuevamente a desconectar la extensión eléctrica]". Al día siguiente, el peticionario acudió "[frente a la residencia del Sr. Rodríguez, y comienza a tirar unos potes de pintura en el balcón de dicha residencia y, luego se retira del lugar]". Finalmente, el 3 de marzo de 2019 el peticionario llegó "[frente a la residencia del Sr. Rodríguez, estaba frente a las cámaras de seguridad gritando, caminando y manoteando, tirándole basura al balcón de dicha residencia y luego se retira del lugar.]" Véanse los autos del foro primario concernientes a las denuncias **JLE2019G0119 JLE2019G0120 y JLE2019G0121**.

[3] Aclaramos que el delito de exposiciones por el cual el peticionario resultó convicto corresponde al Art. 136 de la Ley Núm. 146-2012, conocida como Código Penal de Puerto Rico (Código de Penal de 2012), 33 LPRA sec. 5147 y no al Art. 147 de la Ley Núm. 149-2004, conocida como Código Penal de Puerto Rico, 33 LPRA ant. sec. 4775.

Por su parte, el Estado se opuso y argumentó que la Ley Núm. 266, *supra*, establecía que toda persona que resultara convicta por el delito de exposición obscena o su tentativa o conspiración tenía que inscribirse en el Registro. A su juicio, no existía argumento en derecho ni error en la *Sentencia* del Tribunal de Primera Instancia que justificara la corrección solicitada.

En varias ocasiones, el peticionario insistió en que el foro primario dictara una sentencia para corregir la inscripción en el Registro.[4] No obstante, mediante *Resolución*, el tribunal de instancia determinó que conforme a la Ley Núm. 266, *supra*, la inscripción en el Registro era obligatoria.

Inconforme, el peticionario acudió ante el Tribunal de Apelaciones para señalar que el foro recurrido erró al denegar su petitorio, pues la conducta imputada distaba de una conducta sexual ejecutada contra menores o adultos tal como lo exige la legislación que instauró el Registro. Sin embargo, el foro apelativo intermedio notificó una *Resolución* en virtud de la cual denegó la expedición del auto.[5]

Infructuosamente, el peticionario solicitó la reconsideración y, por ello, recurrió ante esta Curia mediante la petición de *certiorari* que nos ocupa. En esencia, el

---

[4] El 14 de junio de 2021 el peticionario presentó una *Moción solicitando se dicte sentencia corregida* y el 7 de septiembre de 2021 interpuso una *Segunda moción solicitando se dicte sentencia corregida* en la cual reiteró su solicitud previa.

[5] El Presidente del Panel Especial del Tribunal de Apelaciones, Hon. Roberto Rodríguez Casilla emitió un voto disidente mediante el cual, en síntesis, expresó los fundamentos por los cuales hubiese expedido el recurso de *certiorari* y hubiese revocado la *Resolución* del foro recurrido.

peticionario señaló que el foro apelativo intermedio debió expedir el recurso porque la interpretación de la Ley Núm. 266, *supra*, que realizó el foro recurrido constituyó un error craso en la medida que mantuvo al peticionario inscrito en el Registro.

Contamos con los alegatos de las partes y, luego de una evaluación ponderada del derecho aplicable, nos encontramos listos para resolver.

II

A. *Registro de ofensores sexuales*

Como es sabido, originalmente, en Puerto Rico se creó el *Registro de personas convictas por delitos sexuales violentos y abuso contra menores en el sistema de información de justicia criminal* mediante la Ley Núm. 28-1997 (Ley Núm. 28).[6] El propósito de la medida era cumplir con la Ley Pública 103-322 *"Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Program"* (conocida como Megan's Law) toda vez que estimuló a los estados y territorios, como Puerto Rico, a que adoptaran legislación para que las personas convictas por ciertos delitos de índole sexual y de abuso contra menores obligatoriamente quedaran inscritos en el Registro de ofensores sexuales.[7]

La Ley Núm. 28, *supra*, quedó derogada por la Ley Núm. 266-2004, *supra*.[8] En esencia, esta legislación ratificó

---

[6] 4 LPRA sec. 535 ant. *et seq.* (2003) (Ley Núm. 28-1997).

[7] *Pueblo v. Hernández García*, 186 DPR 656, 667-668 (2012).

[8] *Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores*, 4 LPRA sec. 536 *et seq.* (2010).

la política pública del estatuto anterior en cuanto a que su propósito es cumplir con el deber de proteger a la ciudadanía y a las víctimas de delitos sexuales.[9] Asimismo, permanecieron las obligaciones y responsabilidades que los componentes gubernamentales deben ejecutar ante el Registro y las consabidas para las personas convictas sujetas a inscripción que postulaba la Ley Núm. 28, *supra*.[10]

A los dos años de vigencia, el Congreso Federal aprobó la Ley Pública Núm. 109-248, *Adam Walsh Child Protection and Safety Act of 2006*, también conocida como *Sex Offender Registration and Notification Act* (ley SORNA).[11] Con la ley SORNA, el Congreso procuró hacer más uniforme y efectivo el conjunto de Registros de ofensores sexuales en todo Estados Unidos para proteger al público de ofensores sexuales y ofensores contra menores.[12] Además, proporcionó los estándares mínimos que los estados y territorios de la nación americana debían seguir para la implementación y continuidad del Registro de ofensores sexuales en sus respectivas jurisdicciones.[13]

---

[9] *Pueblo v. Hernández García*, supra, pág. 668.

[10] Exposición de Motivos y Art. 1 de la Ley Núm. 266-2004, Ley del Registro de Personas Convictas por Delitos Sexuales y Abuso Contra Menores, 4 LPRA sec. 536. (2010).

[11] 34 USCA sec. 20901 *et seq.* (2017) previamente citada como 42 U.S.C. sec. 16901 *et seq.*

[12] *U.S. v. Hill*, 820 F.3d 1003, 1004 (C.A.8 (Ark.), 2016) citando *Reynolds v. United States,* 132 S.Ct. 975, 978 (2012). ("Congress enacted the Sex Offender Registration and Notification Act (SORNA) 'to protect the public from sex offenders and offenders against children,' […], and to make more uniform and effective the patchwork of sex-offender registries throughout the United States.")

[13] 34 USCA sec. 20912(a); Office of the Attorney General; The National Guidelines for Sex Offender Registration and Notification, 73 FR 38030-01. (National Guidelines).

Cónsono con lo anterior, el Departamento de Justicia publicó *The National Guidelines for Sex Offender Registration and Notification* (Guías nacionales) en las que se impartieron las directrices y regulaciones para interpretar e implementar la ley SORNA.[14]  En las Guías nacionales, el Departamento de Justicia dejó claro que la ley SORNA no tiene la intención de excluir o limitar la discreción de las jurisdicciones para adoptar requisitos de registro y notificación más extensos o adicionales para alcanzar el cometido de la legislación federal.[15]

En atención a los cambios consabidos en la ley SORNA y, en aras de ajustar la legislación estatal, nuestra Asamblea Legislativa aprobó la Ley Núm. 243-2011 (Ley Núm. 243) con la cual enmendó sustancialmente la Ley Núm. 266, *supra*.

Uno de los cambios medulares es que la ley define que, para fines del Registro, un delito sexual incluye:

| (i) | un delito que tenga **como elemento constitutivo** un acto sexual o conducta sexual **con otra persona**; |
|-----|-----|
| (ii) | un delito específico **contra un menor de edad**;[16] |
| (iii) | […] |
| (iv) | […] |
| (v) | […] |
| (vi) | **una tentativa o conspiración para cometer cualquier delito descrito en los sub-incisos (i) al (v) de este inciso.**[17] |

---

[14] 34 USCA sec. 20912(b).

[15] National Guidelines, *supra*, pág. 38,046.

[16] Véase Art. 2(2) de la Ley Núm. 266, *supra*, 4 LPRA sec. 536(2) que establece un listado de características y elementos que incluyen los delitos específicos contra un menor de edad cuya consecuencia sería la inscripción en el Registro de ofensores de la persona convicta.

[17] (Énfasis suplido). Art. 2(3) de la Ley Núm. 266, *supra*, 4 LPRA 536(3).

Lo que procura la definición de delito sexual que dispone el Art. 2(3) de la Ley Núm. 266, *supra*, es reafirmar que, para propósitos de la inscripción de una persona convicta en el Registro, se requiere que el delito cometido contenga hechos que configuren un elemento constitutivo de un acto o conducta sexual con otra persona. En efecto, los delitos contenidos en la Ley Núm. 266, *supra*, penalizan la conducta sexual y estos emergen de varias legislaciones de índole penal.[18] Por lo tanto, esta acepción de delito sexual cumplió con el requisito mínimo exigido por la ley SORNA respecto a que la conducta sexual que requerirá que una persona convicta se inscriba en el Registro tiene que estar codificada en el ordenamiento jurídico penal del estado o territorio que se trate.[19]

Antes de la enmienda, la Ley Núm. 266, *supra*, se limitaba a establecer un listado de delitos sexuales que, independientemente de la gravedad o morbosidad del delito sexual cometido, de ordinario, el depredador sexual tenía que estar inscrito en el Registro por el término uniforme de diez años.[20] No existía clasificación ni gradación del depredador sexual, este simplemente estaba clasificado como "la persona

---

[18] Arts. 2(8),(9) y (10) de la Ley Núm. 266, *supra*. 4 LPRA secs. 536(8), (9) y (10).

[19] *National Guidelines*, *supra*, pág. 38,051. ("Sexual Act and Sexual Contact Offenses [34 USCA sec. 20911(5)(i)]: The first clause in the definition covers 'a criminal offense that has an element involving a sexual act or sexual contact with another.' ('Criminal offense' in the relevant sense refers to offenses **under any body of criminal law, including state, local,** tribal, foreign, military, and other offenses, as provided in [34 USCA sec. 20911(6)].")(Énfasis suplido).

[20] Art. 3 y 5 de la Ley Núm. 266, *supra*, 4 LPRA ant. sec. 536(a) y (c) (2010).

que comete delito sexual contra menores de dieciocho (18) años de edad."[21]

Ahora bien, con las modificaciones a la Ley Núm. 266, *supra*, se acuñó la figura del ofensor sexual y es "aquel individuo que ha sido convicto por un delito sexual o su tentativa o conspiración".[22] El estatuto instituyó tres clasificaciones que, dependiendo del delito de índole sexual cometido, será la categoría y el término que el ofensor sexual convicto estará sujeto al Registro.[23] Estas son: "Ofensores Sexuales Tipo I, los Ofensores Sexuales Tipo II y los Ofensores Sexuales Tipo III" y los periodos de inscripción son quince años, veinticinco años y vitalicio, respectivamente.[24]

El legislador procuró que cada nivel de ofensor sexual tuviera unos deberes y unas obligaciones dirigidas al cumplimiento de la consabida política pública del Registro. El Art. 4 de la Ley Núm. 266, *supra*, contiene un andamiaje que incluye la forma y el plazo para que el ofensor sexual y los componentes gubernamentales del Registro ejecuten la política pública de la legislación.[25] Entretanto, el Art. 5 de la Ley

---

[21] Art. 2 de la Ley Núm. 266, 4 LPRA ant. sec. 536 (2010).

[22] Art. 2(7) de la Ley Núm. 266, 4 LPRA sec. 536(7).

[23] *Pueblo v. Hernández*, 186 DPR 656, 671 (2012).

[24] Íd.(a) Art. 3 de la Ley Núm. 266, según enmendada, *supra*, 4 LPRA 536a(a). El Art. 5 de la Ley Núm. 266, *supra*, expone el término que un "ofensor sexual deberá mantenerse inscrito en el Registro y cumplir con los requisitos establecidos en [la] Ley [a saber]: **(a) Quince (15) años, si el convicto es un Ofensor Sexual Tipo I**; (b) Veinticinco (25) años, si el convicto es un Ofensor Sexual Tipo II; y (c) De por vida, si el convicto es un Ofensor Sexual Tipo III." 4 LPRA 536(c). (Énfasis suplido). Así, el término uniforme de diez años quedó eliminado con la Ley Núm. 243-2011.

[25] Véase Art. 4 de la Ley Núm. 266, *supra*, 4 LPRA sec. 536(b).

Núm. 266, *supra*, dispone las obligaciones que debe cumplir todo ofensor sexual y promulga otras responsabilidades que son distintas ya que están ceñidas a la clasificación de ofensor sexual de la persona convicta.[26]

Con relación al Ofensor Sexual Tipo I, de ordinario, este permanecerá en el Registro por quince años.[27] A grandes rasgos, este tiene la obligación de proveer toda su información personal y periférica y anualmente comparecerá en la Comandancia de la Policía de su residencia para actualizar o verificar la información contenida en el Registro. Gran parte de esta información se publica en internet y se comparte en todas las agencias del orden público y a las agencias gubernamentales, tanto estatales como federales; así como, con cualquier persona, compañía u organización que lo solicite.[28] Finalmente,"[u]n Ofensor Sexual Tipo I convicto anteriormente de un delito sexual y que posteriormente comete otro delito sexual o su tentativa o conspiración" contra un menor de edad, acarrea las consecuencias del Ofensor Sexual Tipo II.[29]

Además, "[l]a Policía de Puerto Rico suministrará […] un enlace donde la información sobre el récord de fichaje del ofensor sexual conteniendo datos sobre las huellas dactilares

---

[26] Véase Art. 5 de la Ley Núm. 266, según enmendada, *supra*, 4 LPRA sec. 536(c).

[27] Contrario a las otras clasificaciones, el Art. 5 de la Ley Núm. 266, según enmendada, *supra*, dispone que la información de un Ofensor Sexual Tipo I podrá ser eliminada del Registro antes de que transcurra el plazo de quince años si, por virtud de una orden o resolución de un tribunal, la persona convicta mantiene un récord negativo de antecedentes penales por un término de diez años. 4 LPRA sec. 536(c).

[28] Arts. 6, 7 y 8 de la Ley Núm. 266, *supra*, 4 LPRA secs. 536(d), (e) y (f).

[29] Art. 2(9)(vi) de la Ley Núm. 266, *supra*.

y de la palma de la mano, fotos y descripción física del ofensor sexual, estará disponible para el Sistema "[de Información de Justicia Criminal]".[30] Si la persona convicta incumple con cualquiera de las obligaciones impuestas por el Registro comete un delito grave y, a discreción del tribunal, está sujeto a una pena de reclusión de dos años o a una multa que no excederá de $6,000 o ambas.[31]

Pero ¿qué constituye un Ofensor Sexual Tipo I? El Art. 2(8)(vi) de la Ley Núm. 266, *supra*, establece que

> **"Ofensor Sexual Tipo I"**. — [son las personas] que **resulten convictas** por los siguientes **delitos o su tentativa o conspiración**, <u>cuando se incurre en conducta constitutiva de *abuso sexual*</u>;
>
> (a) Restricción de la libertad, cuando la **víctima fuere menor de dieciocho (18) años**, según comprendido en la sec. 4796(e) del Título 33.
>
> (b) Restricción de libertad agravada, **cuando la víctima fuere menor de dieciséis (16)** años, según comprendido en el Artículo 131(e) de la Ley Núm. 115 de 22 de julio de 1974, según enmendada.
>
> (c) Delito **de maltrato a menores**, según establecido en los Artículos 75 y 76 de la Ley 177-2003, cuando se incurre en conducta constitutiva de abuso sexual.
>
> (d) **Maltrato agravado conyugal**, cuando se cometiere y simultáneamente se incurriere en conducta constitutiva de **abuso sexual**, en maltrato de un menor, **según definido en la Ley 177-2003**, según comprendido en la sec. 632(g) del Título 8.[32]

---

[30] Art. 4 de la Ley Núm. 266, *supra*, 4 LPRA sec. 536(b); Art. 2(14) de la Ley Núm. 266, *supra*, 4 LPRA sec. 536(14).

[31] Art. 10 de la Ley Núm. 266, *supra*, 4 LPRA sec. 536h.

[32] El Art. 3.2(g) de la *Ley para la Prevención e Intervención con la Violencia Doméstica*, Ley Núm. 54 de 8 de agosto de 1989, 8 LPRA sec. 632(g) establece lo que constituye el maltrato agravado y una de las circunstancias para que se configure es "(g) cuando se cometiere y simultáneamente se incurriere en **maltrato de un menor** según definido en la *Ley para el Bienestar y la Protección Integral de la Niñez*, Ley Núm. 177-2003, 8 LPRA sec. 444-450m."(Énfasis suplido).

Destacamos que el Art. 2(b) de la Ley Núm. 177-2003, *Ley para el Bienestar y la Protección Integral de la Niñez*, 8 LPRA ant. sec. 444(b) (2010) establecía que

(e) Envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno; Espectáculos obscenos; **Exposiciones deshonestas cuando el acto tuviere lugar en presencia de una persona <u>menor de 16 años</u>**, según establecido en los Artículos 106, 113 y 114 de la Ley Núm. 115 de 22 de julio de 1974, según enmendada; y en las secs. 4783 y 4784 del Título 33.[33]

(f) **Exposicione[s] obscenas**; Proposición obscena, según tipificados en las secs. 4775 y 4776 del Título 33.[34]

(g) Cualquier delito **antecedente o sucesor** de los mencionados en las cláusulas (a), (b), (c), (d), (e) o (f) de este inciso. (Énfasis suplido).

---

abuso sexual "[s]ignifica incurrir en conducta sexual en presencia de un menor y/o que se utilice a un menor, voluntaria o involuntariamente, para ejecutar conducta sexual dirigida a satisfacer la lascivia o cualquier acto que, de procesarse por la vía criminal, configuraría cualesquiera de los siguientes delitos: agresión sexual, actos lascivos, exposiciones obscenas, proposición obscena, producción de pornografía infantil, posesión y distribución de pornografía infantil, utilización de un menor para pornografía infantil, envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno y espectáculos obscenos según han sido tipificados en el Código Penal del Estado Libre Asociado de Puerto Rico." La Ley Núm. 177, *supra*, quedó derogada por la Ley 246-2011, *infra*, y esta, a su vez, quedó derogada por la Ley Núm. 57-2023, conocida como *Ley para Prevención del Maltrato, Preservación de la Unidad Familiar y para la Seguridad, Bienestar y Protección de los Menore*s. Sin embargo, esencialmente la definición de abuso sexual no ha variado.

[33] Según el Art. 106 del Código Penal de 1974, 33 LPRA ant. sec. 4068 (2003), cometía el delito de exposiciones deshonestas "Toda persona que voluntariamente expusiere sus partes pudendas o cualquier otra parte íntima de su cuerpo en cualquier sitio en que se hallare presente otra persona, incluyendo agentes del orden público, a quien tal exposición pudiera ofender o molestar, será sancionada con pena de reclusión que no excederá de tres meses o multa que no excederá de doscientos cincuenta dólares. La pena dispuesta en la presente sección será de reclusión por un término máximo de seis meses o multa máxima de quinientos dólares **si el acto tuviere lugar en presencia de una persona menor de dieciséis años**."

Este delito quedó derogado con la aprobación del Código Penal de 2004 que, en su lugar, estableció el delito de exposiciones obscenas en el Art. 147, 33 LPRA ant. sec. 4775 (2011) que, muy similar al actual, postula que "[t]oda persona que exponga cualquier parte íntima de su cuerpo en cualquier sitio en que esté presente otra persona, incluyendo agentes de orden público, a quien tal exposición pueda ofender o molestar, incurrirá en delito menos grave. Esta conducta no incluye el acto de lactancia a un infante."

[34] Las secciones 4775 y 4776 pertenecían al Código Penal de 2004. En específico, la sec. 4776 correspondía al Art. 148 que regulaba el delito de proposiciones obscenas que establecía que "[t]oda persona que en un lugar público o abierto al público haga proposiciones obscenas de una manera ofensiva al pudor público, incurrirá en delito menos grave." A pesar de que este delito se incluyó en el Art. 138 del Código Penal de 2012, 33 LPRA sec. 5198, quedó eliminado mediante las enmiendas aprobadas con la Ley Núm. 246-2014.

Nótese que, para efectos del Registro, cuando se trata de un Ofensor Sexual Tipo I se requiere que la persona convicta de los delitos allí señalados haya incurrido además en una conducta constitutiva de **abuso sexual.**[35] Es decir, este se inscribirá "en el Registro *únicamente* si su conducta constituyó abuso sexual".[36] Ni la Ley Núm. 266, *supra*, ni las enmiendas incorporadas en esta mediante la Ley Núm. 243, *supra*, ofrecieron una definición de abuso sexual concerniente al Registro. Igualmente, el Código Penal de 2012, *supra*, tampoco extiende una acepción respecto a esta figura jurídica.

Ahora bien, en el inciso (d) del Art. 2(8)(vi) de la Ley Núm. 266, *supra*, se reconoce la definición de abuso sexual de la legislación que penaliza el maltrato de menores o cuando se configura el maltrato conyugal frente a un menor.[37] Así, el Art. 3(b) de la *Ley para la Seguridad, Bienestar y Protección de Menores*, Ley Núm. 246-2011, 8 LPRA sec. 1101 ant. *et seq.*, expuso que abuso sexual es:

> incurrir en conducta sexual en presencia de un menor y/o que se utilice a un menor, voluntaria o involuntariamente, **para ejecutar <u>conducta sexual dirigida a satisfacer la lascivia</u> o cualquier acto que, de procesarse por la vía criminal, configuraría cualesquiera de los siguientes delitos:** agresión sexual, actos lascivos, comercio de personas para actos sexuales, **exposiciones obscenas**, proposición obscena, producción de pornografía infantil, posesión y distribución de pornografía infantil, utilización

---

[35] *Pueblo v. Hernández García*, supra, pág. 671.

[36] Íd.

[37] Destacamos que el *Diccionario panhispánico del español jurídico de la Real Academia Española* adoptó como uso general y común el concepto de abuso sexual y lo define como "delito consistente en la realización de actos atentatorios contra la libertad sexual de una persona sin violencia o intimidación." Definición de abuso sexual - Diccionario panhispánico del español jurídico - RAE (última visita 1 de abril de 2024).

de un menor para pornografía infantil; envío, transportación, venta, distribución, publicación, exhibición o posesión de material obsceno y espectáculos obscenos según han sido tipificados en el Código Penal de Puerto Rico.[38] (Énfasis suplido).

Igualmente, la Ley Núm. 246, *supra*, carece de una definición concreta de *conducta sexual*, pero el inciso (e) del Art. 3(c) de esta precisó la *conducta obscena* tal como la enmarca el Código Penal de 2012.[39] En la sección cuarta del Capítulo IV del Código Penal de 2012 que **atiende la obscenidad**, se encuentran los Arts. 143(a) y (b), allí se define *conducta obscena* y se expone lo que comprende una *conducta sexual*.

> (a) ***Conducta obscena***. Es **cualquier actividad física del cuerpo humano**, bien sea **llevada a cabo solo** o con otras personas, incluyendo, pero sin limitarse, a cantar, hablar, bailar, actuar, simular, o hacer pantomimas, <u>**la cual considerada en su totalidad por la persona promedio**</u> y, <u>**según los patrones comunitarios contemporáneos**</u>:
>
> (1) **apele al interés lascivo**, o sea, **interés morboso** en la desnudez, sexualidad o funciones fisiológicas;
> (2) represente o describa en una forma **patentemente ofensiva conducta sexual**; y
> (3) **carezca de un serio** valor literario, artístico, religioso, científico o educativo.
>
> **La atracción de la conducta al interés lascivo se juzgará [con] relación al adulto promedio**, a menos que se desprenda de la naturaleza de dicha conducta o de las circunstancias de su producción, presentación, o exhibición que está diseñada para grupos de desviados sexuales, en cuyo caso la

---

[38] La Ley 246-2011, *supra*, es la legislación aplicable al caso que nos ocupa toda vez que los hechos ocurrieron antes de la aprobación de la Ley Núm. 57-2023, *supra*. Como se mencionó, esta última contiene, en el Art. 3(b), 8 LPRA sec. 1643, una definición casi exacta de abuso sexual a la que establecía el Art. 3(b) la Ley 246-2011, 8 LPRA ant. sec. 1101 (2010).

[39] El Art. 3(e) de la Ley Núm. 246, 8 LPRA ant. sec. 1101(e) establecía que conducta obscena es "cualquier actividad física del cuerpo humano, bien sea llevada a cabo solo o con otras personas, incluyendo pero sin limitarse a cantar, hablar, bailar, actuar, simular o hacer pantomimas, la cual considerada en su totalidad por la persona promedio y, según los patrones comunitarios contemporáneos, apele al interés lascivo y represente o describe en una forma patentemente ofensiva conducta sexual y carece de un serio valor literario, artístico, político, religioso, científico o educativo."

atracción predominante de la conducta se juzgará con referencia al grupo a quien va dirigido.

En procesos por violación a las disposiciones de esta Sección en donde las circunstancias de producción, presentación o exhibición indican que el acusado está explotando comercialmente **la conducta obscena por su atracción lasciva**, dichas circunstancias constituyen prueba prima facie de que la misma carece de un serio valor literario, artístico, religioso, científico o educativo.

**Cuando la conducta prohibida se lleve a cabo para o en presencia de menores, será suficiente que el material esté dirigido a despertar un interés lascivo en el sexo.**

(b) *Conducta sexual*. Comprende:

(1) **representaciones o descripciones patentemente ofensivas de actos sexuales** consumados, normales o pervertidos, actuales o simulados, incluyendo relaciones sexuales, sodomía y bestialismo, o

(2) representaciones o descripciones patentemente ofensivas de masturbación, copulación oral, sadismo sexual, masoquismo sexual, **exhibición lasciva de los genitales**, estimular los órganos genitales humanos por medio de objetos diseñados para tales fines, o funciones escatológicas, **así sea tal conducta llevada a cabo individualmente** o entre miembros del mismo sexo o del sexo opuesto, o entre humanos y animales.[40] (Énfasis suplido).

De una lectura integral de ambas conductas se puede colegir que si bien la definición de abuso sexual discutida está delimitada a una conducta sexual u obscena ejecutada en presencia de menores o en contra de un menor, esta acepción incluye cuando la persona perjudicada es mayor de edad, pero

---

[40] 33 LPRA secs. 5204(a) y (b). No podemos pasar por alto que la definición de conducta obscena detallada recoge la doctrina de obscenidad que el Tribunal Supremo Federal desarrolló en *Miller v. California,* 413 U.S. 15 (1973). En este, y en síntesis, el Máximo Foro Federal estableció que será considerado material obsceno aquello que: a) una **persona promedio utilizando patrones comunitarios contemporáneos**, encuentre que considerado en su totalidad **apela a un interés lascivo**; b) que representa o describe conducta sexual en una forma **patentemente ofensiva**; c) que el material visto **en su totalidad carezca de un serio valor** literario, artístico, político o educativo.

resultó víctima de un delito de índole sexual. Tanto la *conducta sexual* como la *conducta obscena* señalada tienen como denominador común que la persona convicta actuó lascivamente. Con relación a este término hemos expresado que:

> 'Lascivamente,' significa de modo disoluto, sensual, no casto, impuro, ó lascivo. La palabra 'lascivo' ha sido definida en el sentido de significar tener una **tendencia a excitar pensamientos lujuriosos**, […]. Al usar el Congreso los términos 'obsceno,' 'indecente,' 'lewd' y **'lascivo,'** solamente tuvo presente el significado corriente de estas palabras […]. Nuestra legislatura claramente usó las palabras en el mismo sentido y con intención parecida.[41] (Énfasis suplido).

Por lo tanto, cuando la persona convicta se clasifica como un Ofensor Sexual Tipo I por incurrir en una conducta constitutiva de abuso sexual específicamente desplegada contra un adulto, contrario a un menor, debe incluir la intención y voluntariedad de una conducta sexual u obscena según discutida.

B. *Exposiciones obscenas*

Por otro lado, con la Ley Núm. 243, *supra*, se incorporó el delito de exposiciones obscenas en la Ley Núm. 266, *supra*. El Art. 136 del Código Penal de 2012, 33 LPRA sec. 5197, expone que incurre en el delito de exposiciones obscenas:

> Toda persona que **exponga cualquier parte íntima de su cuerpo** en **cualquier sitio** en que esté **presente una o varias personas**, incluyendo funcionarios del orden público, a quien **tal exposición pueda ofender o molestar**, incurrirá en delito menos grave.
>
> Esta conducta no incluye el acto de lactancia a un infante. (Énfasis suplido).

Los elementos del delito son: "*la exposición intencional de una parte íntima del cuerpo del sujeto activo, en cualquier*

---

[41] *Pueblo v. Vilar*, 17 DPR 1054 (1911).

*lugar donde estuviere presente otra persona que pudiera
ofenderse o molestarse por tal acto, en la medida que afecta
las normas colectivas de pudor público."*[42]

El delito de exposiciones obscenas se encuentra en el
Capítulo IV del Código Penal, *supra*, que atiende los delitos
*contra la indemnidad sexual* y es el **único** que se encuentra
clasificado como un delito contra la moral pública. El
legislador codificó la exposición obscena como delito para
*"proteger la sensibilidad y el pudor del público y a evitar
conducta que atente contra las normas de pudor y decencia que
tiene la sociedad."*[43] Por lo tanto, "hechos que en sí no son
ilícitos ni ofensivos, como podría ser la desnudez […] en la
intimidad[,]" podría serlo si la exposición de la parte íntima
del cuerpo se realiza en cualquier lugar donde las normas de
convivencia social y una persona promedio considera que ofende
el pudor y, por ende, le resulta obsceno.[44] Es decir, el
criterio rector con relación a la comisión del delito en
cuestión es la circunstancia en que la exposición tuvo lugar
y, si con ella, el o los observadores se sintieron ofendidos o
molestos por su contenido obsceno e inapropiado.

III

Es la primera vez que tenemos la oportunidad de analizar
si, en el contexto de la Ley Núm. 266, *supra*, el hecho de que
una persona haya sido convicta por el delito de exposiciones

---

[42] D. Nevares Muñiz, *Código Penal de Puerto Rico: actualizado y comentado,* 4ta ed. rev., San Juan, Instituto para el Desarrollo del Derecho, Inc., pág. 227.

[43] Íd.

[44] Íd., págs. 227-228.

obscenas por haber expuesto sus genitales para orinar, eso de por sí, es suficiente para la inscripción automática de tal persona en el Registro, habiéndose ejecutado el acto ante un adulto.

Del expediente surge que el señor Rodríguez Orengo se presentó en la residencia del Sr. Carlos Rodríguez Rivera (perjudicado) en horas de la mañana del 7 de febrero de 2019. Allí, en medio de **un acto de alteración a la paz**, el peticionario sacó su pene y orinó la puerta de garaje del perjudicado que, a su vez, es su vecino. Estos hechos ocurrieron en presencia del perjudicado y este con ese acto se sintió ofendido. Ciertamente, es incuestionable que se configuró el delito de exposición obscena del cual el peticionario resultó culpable.[45]

Sin embargo, y como expusimos, la Ley Núm. 266, es una ley especial cuya política pública es proteger **exclusivamente a las víctimas de delitos sexuales y a menores víctimas de abuso o de delitos de carácter sexual** de una persona convicta que cometió un delito sexual.[46] Idéntico a la ley SORNA, nuestra legislación exige que uno de los elementos del delito cometido contenga un elemento constitutivo de acto o conducta sexual con la persona perjudicada. Esto incluye su tentativa o la conspiración para la comisión del delito sexual, según definido

---

[45] Habida cuenta de que los hechos del presente caso ocurrieron en presencia de un adulto, en nuestro análisis, no tomaremos en consideración si el delito de exposiciones obscenas tal como aconteció se ejecuta en presencia de un menor de edad según dispone la Ley Núm. 266, según enmendada, *supra*.

[46] Véase, el Art. 1 de la Ley Núm. 266, *supra*, 4 LPRA sec. 536.

por el Art. 2(3) de la Ley Núm. 266, *supra*. El delito de exposiciones obscenas contra un adulto se encuentra incluido en la clasificación de Ofensor Sexual Tipo I, específicamente en el Art. 2(8)(vi) de la Ley Núm. 266, *supra*. Sin embargo, la persona convicta por el delito de exposiciones obscenas debe haber desplegado una conducta constitutiva de abuso sexual para ser inscrito en el Registro.

De acuerdo con el análisis esbozado de la definición de abuso sexual y su relación con el delito de exposiciones obscenas dentro del marco legal de la Ley Núm. 266, *supra*, se requiere que la persona convicta por el delito de exposiciones obscenas haya desplegado en contra del adulto perjudicado una conducta sexual u obscena.[47]

Nótese que los actos del peticionario que, en efecto, configuraron el delito de exposiciones obscenas, no reflejaron una conducta dirigida a satisfacer la lascivia contra el señor Rodríguez Rivera o apelar al interés lascivo de este ni realizó representaciones patentemente ofensivas de actos sexuales o de exhibición lascivia de sus genitales. Si bien el peticionario se sacó el pene en presencia del perjudicado para orinar la puerta de garaje, no lo hizo para atacarlo sexualmente o de alguna forma intimidar o incitar sexualmente la lascivia del señor Rodríguez Rivera o la del peticionario. Por lo tanto, ante la ausencia del elemento constitutivo de abuso sexual como delito de índole sexual para los Ofensores Sexuales Tipo I en la conducta del peticionario al cometer el delito, procede y

---

[47] *Pueblo v. Vilar*, supra.

se ordena que se elimine su información del Registro de ofensores sexuales.

Por último, debe quedar meridianamente claro que no estamos dejando sin efecto el delito de exposiciones obscenas de la Ley Núm. 266, *supra*, y bajo ningún concepto se debe interpretar que avalamos los actos del peticionario, por lo cuales este fue sentenciado penalmente.

Lo que sí debe tenerse presente es que el delito de exposiciones obscenas es un acto contra la moral pública que, entre adultos, no necesariamente contendrá un elemento constitutivo de abuso sexual como delito sexual incluido para las personas convictas que por ello obligatoriamente tengan que inscribirse en el Registro como Ofensor Sexual Tipo I. En estos casos, los foros inferiores deben examinar las circunstancias particulares en las que la persona convicta cometió el delito de exposiciones obscenas. Es decir, se debe determinar si los hechos contienen el elemento constitutivo de un acto sexual o conducta sexual con otra persona adulta y determinar si, considerándola en su totalidad como lo haría una persona promedio de acuerdo con los patrones comunitarios contemporáneos, estos apelan al interés lascivo y representan o describen en una forma patentemente ofensiva una conducta sexual.[48]

---

[48] Véase *El Pueblo de Puerto Rico v. Ramos Román*, Caso Núm. KLAN201800734, resuelto por el Tribunal de Apelaciones el 17 de septiembre de 2019.

IV

Por los fundamentos expuestos, se revocan las sentencias de los foros *a quo* y ordenamos la eliminación de la información del peticionario del Registro de ofensores sexuales de conformidad con lo aquí resuelto.

Se dictará Sentencia de conformidad.


Erick V. Kolthoff Caraballo
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Recurrido

        v.               CC-2022-0468    Certiorari

Jaime Rodríguez Orengo

    Peticionario

SENTENCIA

En San Juan, Puerto Rico, a 19 de abril de 2024.

Por los fundamentos antes expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, se revocan las sentencias de los foros *a quo* y ordenamos la eliminación de la información del peticionario del Registro de ofensores sexuales de conformidad con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no interviene.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo