# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2942

_____

United States of America

*Plaintiff - Appellee*

v.

David R. Buie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: November 15, 2019
Filed: December 27, 2019

_____

Before SHEPHERD, GRASZ, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

A federal jury convicted David R. Buie of one count of possession of child obscenity in violation of 18 U.S.C. §§ 1466A(b)(1) and (d). Buie appeals his conviction, arguing that the criminal statute under which he was convicted is overbroad and vague in violation of the First and Fifth Amendments to the United

States Constitution.  Having jurisdiction under 28 U.S.C. § 1291, we affirm the judgment of the district court.[1]

## I.

On July 11, 2017, a staff member at the Blue Ridge Branch of the Mid-Continent Public Library in Kansas City, Missouri discovered that a library patron had printed visual images depicting what she believed to be a boy engaging in sexual acts with his mother.  The staff member determined that the library card number associated with the print job belonged to Buie.  On July 12, 2017, Federal Probation Officer Sandra Hille was notified about the July 11th incident at the library.[2]  The following day, Officer Hille visited Buie at his residence.  Buie consented to a search of his home, and Officer Hille found printouts of visual images on Buie's kitchen table.  The visual images, introduced at trial as Government's Exhibit 3a, are detailed, full-color drawings of human beings, which Officer Hille described as depicting "minors engaging in sexual activity with adults" who "appear[] to be their parents." R. Doc. 57, at 79.

Based on the printed images recovered from his home, Buie was charged with one count of possession of child obscenity in violation of 18 U.S.C. §§ 1466A(b)(1) and (d).  Section 1466A(b)(1) prohibits a person from "knowingly possess[ing] a visual depiction of any kind, including a drawing, cartoon, sculpture, or painting, that . . . (A) depicts a minor engaging in sexually explicit conduct; and (B) is obscene[.]" At trial, Buie moved for judgment of acquittal at the close of the government's evidence and at the close of all evidence, arguing that § 1466A(b)(1) is

[1]The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri.

[2]At the time of the incident, Buie was on supervised release related to an earlier federal conviction, and Officer Hille was his probation officer.

unconstitutionally overbroad and vague. The district court denied both motions. The jury convicted Buie and the district court sentenced him to 121 months imprisonment and a life term of supervised release. Buie now appeals his conviction.

II.

Buie argues that his conviction must be overturned because § 1466A(b)(1) is overbroad in violation of the First Amendment and vague in violation of the Fifth Amendment. We review both a First Amendment overbreadth challenge and a Fifth Amendment vagueness challenge de novo. United States v. Anderson, 759 F.3d 891, 893 (8th Cir. 2014) (overbreadth challenge); United States v. Birbragher, 603 F.3d 478, 484 (8th Cir. 2010) (vagueness challenge).

A.

Buie first argues that § 1466A(b)(1) is unconstitutionally overbroad on its face because it "subjects materials to prosecution that should rightly be considered protected speech." A statute is overbroad under the First Amendment and, therefore, facially unconstitutional "if it prohibits a substantial amount of protected speech." United States v. Williams, 553 U.S. 285, 292 (2008). However, it is undisputed that material that is "obscene" under the standard announced in Miller v. California, 413 U.S. 15 (1973),[3] does not constitute protected speech under the First Amendment. Williams, 553 U.S. at 288; Ashcroft v. Free Speech Coal., 535 U.S. 234, 240 (2002).

_____

[3]In Miller, the Supreme Court established a three-part test for determining whether material is obscene: "(a) whether the average person, applying contemporary community standards would find that the work, taken as a whole, appeals to the prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political, or scientific value." 413 U.S. at 24 (internal quotations and citations omitted).

The language of § 1466A(b)(1) explicitly requires that the visual depiction at issue be "obscene"; thus, Miller's three-pronged test is necessarily incorporated into the essential elements of the offense. See Hamling v. United States, 418 U.S. 87, 115 (1974) (noting the Court's "willingness to construe federal statutes dealing with obscenity to be limited to material such as that described in Miller"). Therefore, contrary to Buie's assertion, the statute prohibits only the possession of material that is obscene under Miller and, thus, not constitutionally protected. Where, as here, a statute does not reach any constitutionally protected speech, "the overbreadth challenge must fail." Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982). We find that § 1466A(b)(1) is not overbroad in violation of the First Amendment.

B.

Second, Buie argues that § 1466A(b)(1)—in particular, its use of the term "obscene"—is vague in violation of the Fifth Amendment because it fails to provide adequate notice of the proscribed conduct and it permits arbitrary enforcement of the law. These arguments are both foreclosed by Supreme Court precedent.

With respect to adequate notice, Buie argues that § 1466A(b)(1) is unconstitutionally vague because no one knows whether a particular visual depiction is obscene until it is declared obscene by a jury and, thus, the Miller test is insufficient to provide fair notice of the prohibited conduct. However, both the Supreme Court and the Eighth Circuit have rejected the argument that the Miller test is inherently vague. See Reno v. Am. Civ. Liberties Union, 521 U.S. 844, 873 (1997) (reaffirming the Court's satisfaction with the Miller test for obscenity, and noting that the test is not vague because it "limits the uncertain sweep of the obscenity definition"); Fort Wayne Books, Inc. v. Indiana, 489 U.S. 46, 57-58 (1989) (rejecting the argument that Miller's test for obscenity is inherently vague); Alexander v. Thornburgh, 943 F.2d 825, 832 (8th Cir. 1991), vacated on other grounds, Alexander

-4-

v. United States, 509 U.S. 544 (1993); see also Miller, 413 U.S. at 27 (stating that Miller's test for obscenity "provide[s] fair notice to a dealer in such materials that his public and commercial activities may bring prosecution"). As the Miller Court explained, "[t]hat there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense." Id. at 27 n.10 (internal quotation marks omitted). Accordingly, pursuant to Supreme Court precedent, we reject Buie's argument that § 1466A(b)(1) fails to provide adequate notice of the proscribed conduct.

In asserting that § 1466A(b)(1) permits arbitrary enforcement, Buie argues that, because the definition of "obscene" is based on local community standards, enforcement of federal obscenity statutes necessarily and impermissibly varies across the country. However, the Supreme Court has rejected the argument that due process requires that "the proscription of obscenity be based on uniform nationwide standards of what is obscene." Hamling, 418 U.S. at 104 (citing Miller, 413 U.S. at 31). As the Court explained,

> [i]t is said that such a "community" approach may well result in material being proscribed as obscene in one community but not in another, and, in all probability, that is true. But communities throughout the Nation are in fact diverse, and it must be remembered that, in cases such as this one, the Court is confronted with the task of reconciling conflicting rights of the diverse communities within our society and of individuals.

Id. at 107 (quoting Jacobellis v. Ohio, 378 U.S. 184, 200-201 (1964) (Warren, C.J., dissenting)). Thus, "[t]he mere fact juries may reach different conclusions as to the same material does not mean that constitutional rights are abridged." Miller, 413 U.S. at 26 n.9; see Smith v. United States, 431 U.S. 291, 309 (1977). We reject Buie's argument that § 1466A(b)(1) permits arbitrary enforcement of the law. Accordingly, we hold that § 1466A(b)(1) is not vague in violation of the Fifth Amendment.

III.

Finally, Buie argues that the conclusion that images such as those he possessed are obscene has a potential chilling effect on historic art and visual depictions taken from literature, some of which depict incestuous acts, which are widely available and which have heretofore not been deemed obscene. We reject this argument by noting that the examples of such visual depictions contained in Buie's brief were not before the jury and are not a part of the record in this case. See United States v. Ragsdale, 426 F.3d 765, 766 (5th Cir. 2006) (upholding exclusion of allegedly comparable materials available locally). Further, that visual depictions may have serious and worthwhile value is adequately accounted for in the Miller test. Miller, 413 U.S. at 15 (providing that material is not obscene if it has "serious literary, artistic, political, or scientific value"). Finally, aside from his constitutional challenge, Buie does not challenge the finding implicit in the jury's verdict that the visual depictions he possessed are obscene under the Miller test. See R. Doc. 40, at 25-28 (Jury Instruction No. 18).

IV.

For the foregoing reasons, we affirm the judgment of the district court.

_____