# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1480
_____

Minnesota Chapter of Associated Builders and Contractors, Inc.; Builders
Association of Minnesota; J & M Consulting, LLC

*Plaintiffs - Appellants*

v.

Nicole Blissenbach, in her official capacity as the Commissioner of the Minnesota
Department of Labor; Keith M. Ellison, in his official capacity as the Attorney
General of Minnesota

*Defendants - Appellees*

------------------------------

Building Industry Association of the Red River Valley; National Federation of
Independent Business Small Business Legal Center

*Amici on Behalf of Appellant(s)*

North America's Building Trades Unions

*Amicus on Behalf of Appellee(s)*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: September 16, 2025
Filed: October 24, 2025
_____

Before BENTON, GRASZ, and KOBES, Circuit Judges.

_____

BENTON, Circuit Judge.

In 2024, the Minnesota legislature changed the test for classifying independent contractors.  *See* **Minn. Stat. § 181.723**.   Minnesota Chapter of Associated Builders, Builders Association of Minnesota, and J&M Consulting (collectively, the "Contractors") claim the Act is unconstitutionally vague and violates the Excessive Fines Clause of the Eighth Amendment.  The district court[1] declined to enter a preliminary injunction.  The Contractors appeal.  Having jurisdiction under 28 U.S.C. §1292(a)(1), this court affirms.

I.

The Act replaces a 9-part test with a 14-part test for classifying independent contractors in the construction industry.  Four parts are at issue.  To be an independent contractor, the person

> (9) is operating under a written contract to provide or perform the specific services for the person that:
>   (i)   is signed and dated by both an authorized representative of the business entity and of the person for whom the services are being provided or performed;
>   (ii)  is fully executed no later than 30 days after the date work commences;
>   (iii) identifies the specific services to be provided or performed under the contract;
>   (iv)  provides for compensation from the person for the services provided or performed under the contract on a commission or per-job or competitive bid basis and not on any other basis; and
>   (v)   the requirements of item (ii) shall not apply to change orders;

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

(10) submits invoices and receives payments for completion of the specific services provided or performed under the written proposal, contract, or change order in the name of the business entity. Payments made in cash do not meet this requirement;

(12) incurs the main expenses and costs related to providing or performing the specific services under the written proposal, contract, or change order;

(14) may realize additional profit or suffer a loss, if costs and expenses to provide or perform the specific services under the written proposal, contract, or change order are less than or greater than the compensation provided under the written proposal, contract, or change order.

**Minn. Stat. § 181.723, subd. 4(a) (9), (10), (12), (14)**.

The Act also authorizes:

(2) a penalty of *up to* $10,000 for each individual the person failed to classify, represent, or treat as an employee pursuant to this section;

(3) a penalty of *up to* $10,000 for each violation of this subdivision; and

(4) a penalty of $1,000 for any person who delays, obstructs, or otherwise fails to cooperate with the commissioner's investigation. Each day of delay, obstruction, or failure to cooperate constitutes a separate violation.

**subd. 7(g)(2)–(4)** (emphasis added). Because these penalties are discretionary, an enforcing agency must consider: the willfulness and gravity of the violation, any history of past violations, the number of violations, any economic benefit gained by the person committing the violation, and any other factors that justice may require. **§ 14.045, subd. 3(a)(1)–(6)**.

The Minnesota Department of Labor and Industry (the "DLI") and the Attorney General have authority to enforce the Act. **§§ 181.723, subd. 7(h); 181.1721; 8.31**. The DLI may issue compliance, administrative, stop-work, and

-3-

licensing orders.  **§§ 177.27, subd. 4; 326B.082, subd. 7, 10, 11**.  An employer may contest a DLI action administratively.  **§§ 177.27, subd. 4; 326B.082, subd. 8, 10(g), 12(c)**.  In addition to civil penalties and orders, "a person who violates [the Act] is guilty of a misdemeanor."  **§ 326B.082, subd. 16**.

The district court declined to preliminarily enjoin the Act.  The Contractors appeal, arguing (1) the Act is unconstitutionally vague facially and as applied, and (2) its civil penalties violate the Excessive Fines Clause of the Eighth Amendment.  This court reviews a district court's ultimate ruling on a preliminary injunction for abuse of discretion, viewing legal conclusions de novo and factual findings for clear error.  ***Schmitt v. Rebertus***, 148 F.4th 958, 966 (8th Cir. 2025).

II.

The threshold issue is whether the Contractors have standing.  This court has "an independent obligation to examine standing even if it was not discussed by the district court."  ***Cross v. Fox***, 23 F.4th 797, 800 (8th Cir. 2022).

For Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the alleged conduct, and (3) a likelihood that the injury will be redressed by a favorable decision.  ***Lujan v. Defenders of Wildlife***, 504 U.S. 555, 560–61 (1992).  The parties do not dispute the second and third elements.  "This case concerns the injury-in-fact requirement, which helps to ensure that the plaintiff has a personal stake in the outcome of the controversy."  ***Susan B. Anthony List v. Driehaus***, 573 U.S. 149, 158 (2014) (citation and internal quotation marks omitted).

An allegation of future injury requires that the threatened injury is "certainly impending" or there is a "substantial risk" that harm will occur.  ***Id.  See Clapper v. Amnesty Int'l USA***, 568 U.S. 398, 409 (2013); ***Monsanto Co. v. Geertson Seed Farms***, 561 U.S. 139, 153–55 (2010).  "When government action is challenged by a party who is a target or object of that action, there is ordinarily little question that

the action has caused him injury." ***Monson v. DEA***, 589 F.3d 952, 958 (8th Cir. 2009) (cleaned up). In *St. Paul Area Chamber of Commerce v. Gaertner*, 439 F.3d 481, 485 (8th Cir. 2006), plaintiffs feared the state would prosecute them for political expenditures. This court found they suffered a sufficient injury because the law prohibited the political expenditures on its face and defendants had not disavowed enforcing it. ***Gaertner***, 439 F.3d at 485.

The Act here targets the Minnesota construction industry with civil and criminal penalties. J&M Consulting, a general contractor, provides commercial construction services in Minnesota. Minnesota Chapter of Associated Builders, a statewide trade association, represents construction firms in Minnesota, including J&M. *See **Iowa League of Cities v. EPA***, 711 F.3d 844, 869 (8th Cir. 2013) (holding that a trade association has standing if at least one of its members has standing). Builders Association of Minnesota, also a statewide trade association, represents builders and construction firms in Minnesota, including J&M. *See **id.***

The Contractors allege several practices that they would like to continue, which the Act arguably proscribes. For example, the Contractors often do not secure written contracts with subcontractors within 30 days of beginning work. And, they regularly pay subcontractors without receiving an invoice. These practices may violate subdivisions 4(a)(9) and 4(a)(10) of the Act. Because the Contractors allege specific conduct that the Act targets, and because state officials have not disavowed enforcing it, the Contractors have standing.

III.

In reviewing a denial of a preliminary injunction, this court considers four factors: (1) the threat of irreparable harm, (2) the balance between the harm and the injury that granting the injunction will inflict on the other parties, (3) the probability of success on the merits, and (4) the public interest. ***Dataphase Sys., Inc. v. CL Sys., Inc.***, 640 F.2d 109, 113 (8th Cir. 1981) (en banc).

A.

"Probability of success" is the most significant factor. *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013). *See also Wildhawk Inv., LLC v. Brava I.P., LLC*, 27 F.4th 587, 593 (8th Cir. 2022) ("Likelihood of success on the merits is the most important factor."). To preliminarily enjoin a state act, the movant must demonstrate they are "likely to prevail on the merits"—which is a higher bar than the (typical) "fair chance" of success. *Rodgers v. Bryant*, 942 F.3d 451, 455 (8th Cir. 2019); *Minnesota Citizens Concerned for Life, Inc. v. Swanson*, 692 F.3d 864, 870 (8th Cir. 2012) (en banc). The bar is higher because legislation "developed through presumptively reasoned democratic processes [is] entitled to a higher degree of deference and should not be enjoined lightly." *Planned Parenthood Minn., N.D., S.D. v. Rounds*, 530 F.3d 724, 732 (8th Cir. 2008) (en banc) (citation and internal quotation marks omitted).

1.

The Contractors are not likely to succeed on the merits of their vagueness challenge.

"A state statute is unconstitutionally vague if it 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits' or it 'encourages arbitrary and discriminatory enforcement.'" *Duhe v. City of Little Rock*, 902 F.3d 858, 863 (8th Cir. 2018), *quoting Hill v. Colorado*, 530 U.S. 703, 732 (2000). To sustain a vagueness challenge outside the First Amendment context, "the complainant must prove that the enactment is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *Village of Hoffman Estates v. Flipside*, 455 U.S. 489, 495 n.7 (1982) (citation and internal quotation marks omitted).

-6-

"Greater specificity is required of laws imposing criminal penalties." ***Garner v. White***, 726 F.2d 1274, 1278 (8th Cir. 1984). *See also **D.C. v. City of St. Louis***, 795 F.2d 652, 654 (8th Cir. 1986) ("When violations carry criminal penalties, a strict test of specificity is applied in reviewing the vagueness of a statute."). But "[e]conomic regulation is subject to a less strict vagueness test because its subject matter is often more narrow, and because businesses, which face economic demands to plan behavior carefully, can be expected to consult relevant legislation in advance of action." ***Flipside***, 455 U.S. at 498. Businesses may also "clarify the meaning of the regulation by [their] own inquiry, or by resort to an administrative process." ***Id.***

Attacking the Act both facially and as applied, the Contractors argue that five specific words and phrases in subdivision 4(a) are unconstitutionally vague:

- "identifies the specific services to be provided or performed under the contract"
- "commission or per-job or competitive bid basis and not on any other basis"
- "invoice"
- "main expenses and costs"
- "realize additional profit or suffer a loss"

The Contractors also complain that the Act fails to identify how long an individual remains an "employee" after a classification determination. *See* **Minn. Stat. § 181.723, subd. 3, 4**.

This court assumes, without deciding, that heightened scrutiny applies. Even then, people of ordinary intelligence have a reasonable opportunity to understand the meaning of these words and phrases. *See **Duhe***, 902 F.3d at 863. First, many are commonly used and understood. *See **Weed v. Jenkins***, 873 F.3d 1023, 1030 (8th Cir. 2017) (holding that certain "words of common understanding" are not unconstitutionally vague). And second, the Contractors may clarify the meaning of the Act by their own inquiry of DLI. *See **Flipside***, 455 U.S. at 498.

The Contractors may have questions about the Act, but the possibility of questions does not doom it. ***Thorburn v. Austin***, 231 F.3d 1114, 1121 (8th Cir. 2000) ("Perhaps the [law] could have been more exact, but the fact that questions may arise . . . does not automatically lead to the conclusion that it is void for vagueness."). "[M]eticulous specificity" is not required. *See **Grayned v. City of Rockford***, 408 U.S. 104, 110 (1972). The Act is clear enough to be an "imprecise but comprehensible normative standard." *See **Flipside***, 455 U.S. at 495 n.7.

The Contractors do not carry their heavy burden to show that the Act encourages arbitrary or discriminatory enforcement. *See **Garner***, 726 F.2d at 1278 (the prospect of discriminatory enforcement is especially speculative in a pre-enforcement challenge of a law regulating business behavior). "[I]nability to agree on the exact scope of prohibited conduct or the definition of words" does not mean that the Act is subject to arbitrary enforcement. *See **Rowles v. Curators of Univ. of Mo.***, 983 F.3d 345, 356 (8th Cir. 2020). And the Act's limited penalties and administrative appeals potential are deterrents to arbitrary enforcement. *See **Sanimax USA, LLC v. City of S. St. Paul***, 95 F.4th 551, 572 (8th Cir. 2024) (holding that an enforcement mechanism that "plainly demarcates the range of penalties" suggests a law is not prone to arbitrary enforcement); ***Metropolitan Omaha Prop. Owners Assoc'n v. City of Omaha***, 991 F.3d 880, 887 (8th Cir. 2021) (noting that an administrative appeals process "acts as a check" on arbitrary or discriminatory enforcement).

The Contractors cannot show that the Act is likely unconstitutionally vague either facially or as applied to them. *See **United States v. KT Burgee***, 988 F.3d 1054, 1060 (8th Cir. 2021) (holding that a statute was not vague facially or as applied where it was sufficiently clear under the challenger's specific set of facts). The district court did not abuse its discretion by ruling that the Contractors were not likely to succeed on the merits of their pre-enforcement vagueness claim.

2.

The Contractors are also unlikely to succeed on the merits of their excessive fines claim.

The Excessive Fines Clause of the Eighth Amendment "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." *Grant ex rel. U.S. v. Zorn*, 107 F.4th 782, 797 (8th Cir. 2024), *citing* *United States v. Bajakajian*, 524 U.S. 321, 329 (1998) (internal quotation marks omitted). "A penalty violates the Excessive Fines Clause if it is 'grossly disproportional' to the gravity of the offense." *Qwest Corp. v. Minnesota Public Utilities Com'n*, 427 F.3d 1061, 1069 (8th Cir. 2005), *quoting* *Bajakajian*, 524 U.S. at 334.

The Contractors facially attack only the possibility of future penalties under the Act. Facial challenges are disfavored because they "often rest on speculation." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008). Speculation increases the risk of premature interpretation, contrary to the fundamental principle of judicial restraint. *Id.*

True, penalties trigger Eighth Amendment protection if they are only "partially punitive." *See* *Timbs v. Indiana*, 586 U.S. 146, 155 (2019). But no penalties have issued under the Act. Without either an offense or penalty to compare, this court cannot conduct a proportionality test. The Contractors identify no authority to the contrary. Even if they did, the district court correctly noted that Minnesota law requires enforcement authorities to conduct a proportionality analysis when imposing penalties under the Act. *See* **Minn. Stat. § 14.045, subd. 3(a)(1)–(6)**.

Based on the wholly speculative claim of future penalties, this court observes a "high[] degree of deference" to the legislature. *See* *Rounds*, 530 F.3d at 732. The

district court did not abuse its discretion by ruling that the Contractors were not likely to succeed on the merits of their pre-enforcement excessive fines claim.

B.

"When a plaintiff seeks an injunction against the enforcement of a state statute, the plaintiff's failure to carry his burden on the likelihood-of-success factor is fatal to his case." ***Eggers v. Evnen***, 48 F.4th 561, 566 (8th Cir. 2022). This court need not address the other *Dataphase* factors.

* * * * * * *

The judgment is affirmed.

_____